UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DUSTIN SHEPLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02927-SEB-KMB |
| | ) | |
| S&H TRUCKING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING ATTORNEY AMBER K. BOYD'S MOTION TO WITHDRAW APPEARANCE

Presently pending before the Court is attorney Amber K. Boyd's Motion to Withdraw Appearance as the attorney of record for Dustin Shepler. [Dkt. 71.] As explained below, the Motion to Withdraw is **DENIED**.

On November 28, 2021, Ms. Boyd filed the Complaint on behalf of Mr. Shepler, raising wage-and-hour claims against Mr. Shepler's former employer, S&H Trucking, Inc., under the Fair Labor Standards Act. [Dkt. 1.] Ultimately, the Court granted S&H Trucking's Motion for Summary Judgment and entered Final Judgment in its favor. [Dkts. 62, 63.] The Court also approved S&H Trucking's Bill of Costs in the amount of $2,297.60. [Dkt. 65.]

On December 27, 2023, S&H Trucking moved for proceedings supplemental to recover the outstanding balance. [Dkt. 66.] The Court granted the motion in part and ordered the Parties to appear for an in-person hearing on April 23, 2024, at the United States Courthouse in Indianapolis, Indiana. [Dkt. 68.] Mr. Shepler was ordered to appear in person and by counsel. [*Id.* at 4.]

On March 18, 2024, Ms. Boyd filed a Motion to Withdraw Appearance as attorney of record for Mr. Shepler. [Dkt. 71.] No substitute counsel appeared on Mr. Shepler's behalf, which

would have left him to navigate the proceedings supplemental *pro se*. In the Motion to Withdraw, Ms. Boyd stated, "[t]hat the services for which counsel was retained are complete." [*Id.* at ¶ 1.] The motion did not address how Ms. Boyd's withdrawal would affect Mr. Shepler, S&H Trucking, or the Court.

The Court took Ms. Boyd's motion under advisement, explaining that "[i]n ruling on the Motion to Withdraw, the Court must weigh the effects of Ms. Boyd's potential withdrawal on her client, the Defendant, and the Court itself." [Dkt. 73 at 1 (quoting *Burns v. Gen. Motors Corp.*, 2007 WL 4438622, at *1 (S.D. Ind. Nov. 30, 2007) ("When an attorney seeks to withdraw from a case and no substitute counsel have appeared, the court must consider the interests not only of the counsel but also the client, the other parties, and the court."))].] For this reason, the Court ordered that "Ms. Boyd **SHALL APPEAR** at the Proceedings Supplemental Hearing" on April 23, 2024. [*Id.*] Ms. Boyd was also ordered to be "prepared to discuss the effect that her withdrawal would have on these proceedings. Ms. Boyd shall also be prepared to represent the Plaintiff at the Proceedings Supplemental Hearing in the event that her Motion to Withdrawal is not granted." [*Id.* at 1-2.]

On April 17, 2024, Ms. Boyd filed a Motion to Continue the Proceedings Supplemental Hearing due to a family emergency, for which the Court expresses its empathy. [Dkt. 74.] The next day, the Court granted her motion and reset the Proceedings Supplemental Hearing for May 15, 2024. [Dkt. 75.] On May 15, 2024—less than two hours before the hearing—attorney Robin C. Clay filed a Notice of Additional Appearance on behalf of Mr. Shepler. [Dkt. 77.]

Ms. Boyd did not appear at the Proceedings Supplemental Hearing on May 15, 2024. Ms. Clay was present and explained that Ms. Boyd was "double-booked" and chose to attend a different court proceeding in Lake County and sent Ms. Clay in her place.

2

While the Court appreciates that Ms. Boyd ensured that an attorney was present to represent Mr. Shepler at the proceedings supplemental, the Court expresses its frustration with Ms. Boyd's absence given the background stated above.  Ms. Boyd was ordered multiple times to appear at the Proceedings Supplemental Hearing, in part to provide argument in support of her Motion to Withdraw.  The hearing was reset several weeks in advance at Ms. Boyd's request, and any apparent scheduling conflict should have been apparent to Ms. Boyd at that time.  Ms. Boyd neither sought leave to be excused from the hearing by written motion nor did she notify the Court informally that she would be absent.

Turning now to the Motion to Withdraw, the Court notes that Ms. Boyd chose to bring this case on behalf of Mr. Shepler.  She was unsuccessful in her efforts, and Mr. Shepler is now liable for a Bill of Costs amounting to $2,297.60.  Although Ms. Boyd was given an opportunity to explain to the Court how her withdrawal would affect these proceedings—indeed, was ordered to appear at the Proceedings Supplemental Hearing for this very purpose—she did not avail herself of this opportunity and instead failed to appear without leave of Court.  During the Proceedings Supplemental Hearing, Ms. Clay and counsel for S&H Trucking informed the Court that the Parties have reached an agreement on a payment plan to recover the outstanding balance owed by Mr. Shepler to S&H Trucking.  Thus, the only thing left for Ms. Boyd to do on behalf of Mr. Shepler is finalize the agreement notify the Court as such.

Given these circumstances, the Court finds that the balance of interests weighs against granting Ms. Boyd leave to withdraw her appearance as counsel of record for Mr. Shepler, and her Motion to Withdraw, [dkt. 71], is **DENIED**.

**So ORDERED**.

Date: 5/15/2024

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Amber K. Boyd
Amber K. Boyd Law
amber@amberboydlaw.com

Robin C. Clay
CURLIN & CLAY LAW
rclay@curlinclaylaw.com

James H. Hanson
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
jhanson@scopelitis.com

Karen B. Reisinger
J.B. Hunt Transport, Inc.
karen.reisinger@jbhunt.com

Peter Raymond Wickard
Scopelitis, Garvin, Light, Hanson & Feary
pwickard@scopelitis.com